Houston Cas. Co. v Cavan Corp. of NY, Inc. (2021 NY Slip Op 01483)





Houston Cas. Co. v Cavan Corp. of NY, Inc.


2021 NY Slip Op 01483


Decided on March 11, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 11, 2021

Before: Webber, J.P., Kern, Scarpulla, Mendez, JJ. 


Index No. 651981/14, 595609/14, 595182/17 Appeal No. 13335N Case No. 2019-5512N 

[*1]Houston Casualty Company, Plaintiff-Respondent,
v
Cavan Corporation of NY, Inc., Defendant, New Puck, LLC, et al., Defendants-Appellants. [And Other Third-Party Actions.]


Ahmuty, Demers & McManus, Albertson (Glenn A. Kaminska of counsel), for appellants.
DLA Piper LLP (US), New York (Aidan M.McCormack of counsel), for Houston Casualty Company, respondent.



Order, Supreme Court, New York County (Tanya R. Kennedy, J.), entered July 1, 2019, which, to the extent appealed from as limited by the briefs, denied defendants New Puck, LLC and Puck Residential Associates LLC's (the Puck defendants) motion for summary judgment declaring that plaintiff Houston Casualty Company (Houston), is obligated to defend and indemnify them in the underlying personal action and, upon a search of the record, awarded plaintiff summary judgment declaring that it has no such obligation, unanimously affirmed, with costs.
The motion court correctly rejected the Puck defendants' argument that they are entitled to a declaration that plaintiff must defend and indemnify them in the underlying action because plaintiff's notice of disclaimer was untimely pursuant to Insurance Law § 3420(d). The Puck defendants are attempting to use Insurance Law § 3420(d) as a "technical trap that would allow [them] to obtain more than the coverage contracted for under the policy" (Excelsior Ins. Co. v Antretter Contr. Corp. , 262 AD2d 124, 127 [1st Dept 1999]). While the Puck Defendants argue that Houston's denial was untimely because they first tendered on June 15, 2015, when they sought to intervene in the action, and that Houston first denied coverage eight months later. In their answer filed in support of their motion to intervene, the Puck defendants assert that they tendered their claim in April 2014 and that plaintiff "wrongfully rejected" the tender less than 30 days later. Further, plaintiff's May 2014 letter disclaiming coverage as to "Kushner Companies and their affiliates," by its own terms applies to the Puck defendants.
We have considered the Puck defendants' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 11, 2021